# PRUDENCIO GONZALEZ LOBATO

*v.*

# CARMEN MILA REGINA LOPEZ, VDA. DE JIMENEZ, ET AL.

San Juan, Equity, No. 1046.

CONDITIONS IN DECREE ON PERSONAL SERVICE.

Unjust Enrichment—Porto Rico.
>    1. The principle of unjust enrichment is peculiar to the Civil Law. Quære, as to whether it controls in Porto Rico.

Publication—Liability of Defendant.
>    2. Upon publication defendant is liable for the claim in the proceeding, but without personal liability for expenses. He is not liable for attorney's fees.

Opinion filed May 24, 1920.

*Mr. H. G. Molina* for plaintiff.

HAMILTON, Judge, delivered the following opinion:

This is a suit to quiet title, and while brought by the plaintiff is alleged to have been also for the benefit of the defendants themselves. All but one of these has come in and paid his share of the expenses. One, however, William W. Macfarlane, has suffered a default upon publication, and has been found. The plaintiff asks that there be incorporated in the decree against him a judgment for $200, for his share of expenses and counsel fees. The decree containing this, being noted on the registry

of deeds, would amount to a lien, which would have to be satisfied by Macfarlane before he could transfer the property. No authorities, however, are furnished.

1. It is to be remembered not only that equity is derived from civil law, but that this court is sitting in a civil law country, and that the principle of unjust enrichment may well apply in Porto Rico and courts sitting here, as it does in Louisiana. Howe, Studies in Civil Law, 172 et seq. It is an equitable doctrine that one cannot take advantage of the work of another without compensation, differing therein from the common-law individualistic principle, according to which business is almost a matter of each man for himself. The point is more interesting than important in the case at bar, because the plaintiff's bill was not framed in this view. There is nothing said in it about the point now sought to be incorporated into the decree, and it is elementary that nothing can be in the decree which is not in the pleadings.

2. Moreover, courts are held to greater strictness in proceedings upon publication than upon personal service. The case of Pennoyer v. Neff, 95 U. S. 714, 24 L. ed. 565, and the many cases founded upon it, establish the principle that a nonresident brought in by publication is liable not merely for what is claimed in the proceeding itself, but is without personal liability for expenses connected with the proceeding. The case at bar is not an attachment or similar endeavor to subject foreign owned property to a domestic claim, but one in which the domestic property must be held to be liable to domestic interest and policy. If the bill, like a general creditors' bill, had been brought with the idea of contributing on the part of those who are benefited, there might be a greater analogy to unjust enrich-

Lobato v. Lopez.

ment; but as it stands it is not perceived how the defendant can be made liable for anything else than his share of the incidental costs of the case. If he is liable as a defendant, he must be liable for all proper expenses of a defendant, that is to say, costs of the case, but not that of the attorney's fee of the plaintiff.

The result would seem to be, therefore, that the decree should cover costs as taxed, but not go further.

It is so ordered.